UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI STEVENSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 06-7548 SC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT |

### I. INTRODUCTION

This matter is before the Court on cross-motions for summary judgment filed by the plaintiff Naomi Stevenson ("Plaintiff" or "Claimant") and the defendant Michael J. Astrue ("Defendant"). Docket Nos. 12, 15. Plaintiff seeks review and reversal of the Social Security Commissioner's final decision denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. For the reasons set forth below, this Court GRANTS Plaintiff's Motion for Summary Judgment and DENIES Defendant's Motion for Summary Judgment.

### II. BACKGROUND

Claimant, 47 years old at the time she filed her initial disability claim in 2003, was born in 1956, completed high school, and attended two years of college. Administrative Record ("AR")

at 64, 89, 238-39. Claimant had worked steadily as a receptionist, secretary, and cashier until approximately December 1999. Id. at 74. At that time, she was working as a cashier at Ross Dress for Less but had to stop because of the pain brought on by extended periods of standing. Id. at 86.

The parties agree that the medical evidence establishes that Claimant suffers from impingement in the rotator cuff of her right shoulder and has bilateral degenerative joint disease in both knees. Id. at 26. In 1999, Claimant had two separate arthroscopic procedures performed on her right knee. Id. at 198.

In December 2003, Claimant applied for SSI benefits, alleging disability beginning January 1, 2000. Id. at 73. After this claim was denied at the initial and reconsideration stages, Claimant requested an administrative hearing. Id. at 36-54. At this hearing, held on May 25, 2005, Claimant testified before an Administrative Law Judge ("ALJ"). Id. at 237. On July 12, 2005, the ALJ denied Plaintiff's claim, a decision that became final on May 12, 2006, when the Appeals Council declined to review the ALJ's decision. Id. at 7. Plaintiff then filed a complaint seeking review of the ALJ's decision with this Court on December 8, 2006.

### III. LEGAL STANDARD

Courts may set aside a decision of the ALJ if it is not supported by substantial evidence. 42 U.S.C. § 405(g); Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001). "Substantial evidence" is the relevant evidence which a reasonable person might

accept as adequate to support the ALJ's conclusion.  <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998).  In order to be "substantial," the evidence must amount to "more than a scintilla," but need not rise to the level of a preponderance.  <u>Holohan</u>, 246 F.3d at 1202.  Where the evidence could reasonably support either affirming or reversing the ALJ's decision, a court may not substitute its judgment for the ALJ's decision.  <u>Id.</u>

**IV.  DISCUSSION**

The parties do not dispute the fact that Claimant suffers from underlying medical impairments.  The ALJ stated that he "finds that claimant has bilateral knee arthritis and right shoulder rotator cuff impingement and that these conditions constitute a 'severe impairment' in that they have more than a minimal effect on claimant's ability to work."  AR at 23.  The only issue is whether the pain caused by these impairments is significant enough to prevent Claimant from working at a sedentary job.  The ALJ found that Claimant's level of pain was not sufficient to prevent her from working.  <u>Id.</u> at 25, 26.  Claimant alleges that the ALJ erred in two respects: by rejecting the opinion of Claimant's treating physician that Claimant's pain was severe enough to prevent Claimant from working and by rejecting Claimant's own testimony and documents regarding her pain.

"Generally, a treating physician's opinion carries more weight than an examining [or reviewing] physician's."  <u>Holohan</u>, 246 F.3d at 1202.  "Under the [Social Security Administration] regulations, if a treating physician's medical opinion is

3

supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight." Id. (citing 20 C.F.R. § 404.1527(d)(2)).  "An ALJ may reject the uncontradicted medical opinion of a treating physician only for clear and convincing reasons supported by substantial evidence in the record." Id. (internal quotation marks omitted).

The ALJ essentially accepted all of the findings and opinions of Claimant's treating physician, Dr. Kim, save for Dr. Kim's opinion that Claimant's pain affected her concentration, persistence, and pace to such an extent that it would seriously interfere with the ability to perform simple, routine work on a productive basis.  AR at 24.  Defendant concedes as much in his summary judgment motion, stating that the "ALJ substantially adopted Dr. Kim's assessment" regarding Claimant's functional abilities but that "the ALJ disagreed with Dr. Kim's assessment regarding concentration, persistence, and pace . . . ." Def.'s Mot. for Summ. J. at 4-5.

The ALJ's justification for rejecting Dr. Kim's opinion of Claimant's pain was based on the fact that the ALJ did not find Claimant's testimony regarding her pain credible.  AR at 25.  In his decision, the ALJ provided the following reasons for this finding: Claimant "has not elected total knee replacement"; "[s]he does not attend pain clinic nor has she attended Physical Therapy"; she is "able to sit comfortable [sic], get on and off the exam table and move about with the assistance of her cane"; she "reported that she was independent in her dressing, and able

4

to cook and prepare her own meals"; she "could wash dishes, take out the garbage, vacuum, sweep and mop the floor"; and "[a]t times she could do the laundry." Id. at 25. In light of these activities, the ALJ concluded that "[t]hese activities suggest that claimant's pain is not of the severity she alleges . . . . Thus the [ALJ] disagrees with Dr. Kim as to the effect of pain on claimant's concentration, persistence, and pace." Id.

For the reasons stated below, the Court finds that the ALJ's justifications do not provide the clear and convincing reasons supported by substantial evidence necessary to reject Dr. Kim's medical opinion and that the ALJ's finding regarding Claimant's subjective pain is not supported by substantial evidence. To begin, the ALJ's reliance on Claimant's failure to undergo knee replacement surgery is puzzling given that Claimant, during her testimony, explained that she had not had knee replacement surgery because she was told by a doctor that she had "to be at least 60 before they can do it."[1] Id. at 247.

The ALJ also relied on the fact that Claimant did not attend pain clinic or physical therapy in support of his finding that Claimant did not suffer significant pain. This finding, however, is difficult to reconcile with the fact that Claimant provided substantial testimony and documentary evidence detailing the difficulty she has leaving her home. Claimant testified that in order to get to her doctors visits, a friend has to come and pick her up. Id. at 242. She also testified that she does not drive

---

[1] It is not clear which doctor gave Claimant this information.

5

1  and that riding public transportation is difficult because it
2  requires walking various distances and standing for long periods.
3  Id. at 242, 247.  Claimant also submitted documentary evidence
4  stating that she can only walk a block before the pain in her
5  knees requires her to stop and rest.  Id. at 111.  Claimant both
6  testified and submitted evidence that she rarely is able to get
7  out of bed before 1:00 p.m. and that she typically spends her day
8  either lying down or sitting with her legs propped up.  Id. at
9  113, 240-45.  In a questionnaire submitted in 2003 regarding her
10 daily activities, Claimant stated that she sometimes needed help
11 getting in her bathtub, she rarely cooked because she could not
12 stand for even short periods, and she has trouble sleeping because
13 of the constant pain  Id. at 111-113.  Given these conditions, it
14 is not hard to understand why Claimant does not attend physical
15 therapy or a pain clinic.
16     In addition, during her testimony, Claimant directly
17 contradicted several of the reasons put forward by the ALJ in
18 support of his adverse finding.  For example, the ALJ stated that
19 Claimant can wash dishes, take out the garbage, vacuum, mop, and
20 do the laundry.  Id. at 25.  The ALJ appeared to reach these
21 conclusions based on a report prepared by consultative physician
22 Dr. Pon.  See id. at 200.  Although the ALJ did not cite to Dr.
23 Pon's report when making these conclusions, the ALJ's words are
24 almost verbatim to those of the report.  Compare id. 25 with 200.
25 Nonetheless, these statements regarding Claimant's ability to do
26 chores are difficult to reconcile with the following portion of
27 Claimant's testimony:
28

6

```
Q [by the ALJ]:  [Do you wash] dishes?
A:   No, I don't really wash dishes.
Q:   Dust?
A:   I don't do no cleaning.
Q:   Nothing?
A:   Uh-uh
Q:   No?  Who does it?
A:   My niece come over and do it.  I stay with my
     sister.
Q:   I see.  Laundry?
A:   She does the laundry.
Q:   You go to the store?
A:   No.  I basically send my little great-niece.  She
     goes to the store for me.
```
AR at 242.

The ALJ provided no justification for ignoring this sworn testimony and instead adopting part of a report prepared by a consultative physician hired by the Social Security Administration. Indeed, aside from Claimant's testimony, the ALJ's reliance on the consultative physician's report is further undermined by the fact that the report was prepared more than a year before Claimant's hearing. Moreover, the report does not explain how it reached the conclusion that, for example, Claimant "does the dishes." Id. at 200. It is not clear whether the doctor interviewed Claimant for this information or whether the doctor reached this conclusion based on his examination of Claimant. Given these circumstances, the ALJ's reliance on this report, to the exclusion of Claimant's sworn testimony, is troubling. This is especially true given that Claimant's treating physician's report and other evidence in the record corroborate Claimant's allegations of pain.

In his decision, the ALJ stated: "While claimant has medical conditions which could be expected to cause some degree of pain and restriction[,] the extent to which she testified [about this

7

pain] is not credible . . . ." Id. at 25. This finding is further undermined by reports from various doctors who specifically found Claimant's subjective pain to be credible. In a July 1, 2003, consultation, Claimant was found to be suffering from bilateral knee pain, which was described as "sharp, dull, achy pain" with occasional locking and giving way of the knees. AR at 198. The report specifically noted that Claimant's "allegations are credible." Id.

In another report, a consultative physician hired by the Social Security Administration recorded his examination of Claimant. Id. at 186. This physician, Dr. Hebrard, noted that Claimant's chief complaint was "bilateral knee pain, which is a sharp, dull, achy pain with occasional locking and giving away of the knees with any prolonged walking or [going] up and down stairs." Id. In his decision, the ALJ relied, in part, on Dr. Hebrard's conclusion that Claimant should not lift more than ten pounds and should stand and walk no more than two hours out of an eight hour day. Id. at 23. The ALJ, however, did not include Dr. Hebrard's conclusion that "[t]he claimant's subjective complaints are consistent with the objective findings outlined above." Id. at 189. This conclusion by Dr. Hebrard further contradicts the ALJ's finding that Claimant's description of her subjective pain was not credible.

In addition, Claimant submitted extensive doctor and clinic reports dating back to 1999, most of which indicate that Claimant was suffering moderate to severe pain in her knees. See, e.g., id. at 136, 141, 143, 144, 146, 148, 149, 151, 152, 153, 173, 174.

8

In a typical example of these reports, Claimant visited an Orthopedic Clinic on December 20, 2004. The report from this visit states, in part: "Objective physical findings: Pt [patient] with extreme pain symptoms. Winces with light touch." Id. at 223. This report thus directly contradicts the ALJ's finding that Claimant's description of her pain was not credible.

Finally, Claimant's treating physician corroborated these findings and determined that Claimant's pain was severe enough that it affected her "concentration, persistence and pace to such an extent that it would seriously interfere with [her] ability to perform simple, routine work on a productive basis." Id. at 220. Taken as a whole, Claimant's testimony and documentary evidence submitted in support of her application for SSI provide substantial evidence that she indeed suffers from significant pain.

Although "[t]he ALJ is responsible for determining credibility and resolving conflicts in medical testimony," Saelee v. Charter, 94 F.3d 520, 522 (9th Cir. 1995) (internal quotation marks omitted), "[d]enial of benefits cannot be based on the ALJ's observation of [the claimant], when [the claimant's] statements to the contrary . . . are supported by objective evidence." Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985). "The ALJ's reliance on his personal observations . . . at the hearing has been condemned as 'sit and squirm jurisprudence.'" Id.

For the reasons stated above, the Court finds that the ALJ's decision to deny benefits was not based on substantial evidence. To the contrary, the Court finds that the record contains

9

substantial evidence that Claimant's pain is as severe as both she and her treating physician assert.

"The decision to remand the case for additional evidence or simply to award the benefits is within the discretion of the court." Erickson v. Shalala, 9 F.3d 813, 819 (9th Cir. 1993). Where the record is fully developed, remand is unnecessary. Id. In the present case, the record is fully developed. There are no "outstanding issues that must be resolved before a determination of disability can be made." Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Nor would "additional proceedings . . . remedy defects in the original administrative proceeding . . . ." Marcia v. Sullivan, 900 F.2d 172, 176-77 (9th Cir. 1990) (internal quotation marks omitted). Contrary to Defendant's assertions, remand is not warranted in the present case.

**V.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Claimant's Motion for Summary Judgment and DENIES Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: March 28, 2008

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE